# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR26

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| LISA JAE LEDFORD ) | |

**THIS MATTER** is before the Court on Defendant's appeal of the Order of Detention entered by Magistrate Judge. **See Order, filed June 29, 2009.** For the reasons that follow, the order is affirmed.

## I. BACKGROUND

On April 7, 2009, Defendant and 13 co-defendants were charged with conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and knowingly using a communication facility in committing the drug violations, in violation of 18 U.S.C. § 843(b). **Bill of Indictment, filed April 7, 2009, 1-2.** On June 15, 2009, Defendant entered into a plea agreement with the

Government wherein she agreed to plead guilty to Count One (the drug conspiracy charge) in exchange for the dismissal of Count Two by the Government.  On June 18, 2009, Defendant appeared with counsel and formally entered her guilty plea.  **See Rule 11 Inquiry and Order of Acceptance of Plea, filed June 18, 2009.**   A detention hearing followed.  The Government did not recommend that no sentence of imprisonment would be imposed on Defendant.  The Magistrate Judge found that the mandatory provisions of 18 U.S.C. § 3143 applied in this case and entered an oral order revoking Defendant's conditions of pretrial release and detaining her pending sentencing.  Defendant filed her appeal after the Magistrate Judge announced his findings in open court and before entry of the written order. **See Sealed Document ("Appeal of Detention Order"), filed June 26, 2009; Order, filed June 29, 2009.**

## II. DISCUSSION

The Mandatory Detention Act of 1990 requires that defendants found guilty of certain categories of offenses involving controlled substances be detained pending sentencing.  There are three exceptions to this mandatory detention.  **See 18 U.S.C. § 3143(a)(2); *United States v.***

*Goforth*, 546 F.3d 712, 713-14 (4ᵗʰ Cir. 2008).  Defendant contends that release is appropriate under 18 U.S.C. § 3145(c).  **Defendant's Appeal, *supra*, at 2.**  This section provides that a "person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  **18 U.S.C. § 3145(c)**.

Defendant contends several reasons support a finding of "exceptional reasons" and submits letters written by herself and family members in favor of release pending sentencing.  **See Exhibits 1-4, *attached to* Defendant's Appeal.**  Defendant states she had no criminal record prior to pleading guilty herein and cites her gainful employment and need to provide support for her children as exceptional reasons for her release.  Defendant expresses a willingness to cooperate with the Government in the upcoming trial of her co-defendants, but notes she has not done so as of the date she filed this appeal.  Defendant argues that she has significant ties to western North Carolina and has complied with

the conditions of her pretrial release prior to the entry of her guilty plea in this case.

Courts considering the meaning of "exceptional reasons" have generally concluded that a defendant must present circumstances that are "clearly out of the ordinary, uncommon or rare." **United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (rejecting defendant's argument that complying with pretrial release terms, a lack of criminal history, child support obligations, and continued employment represent exceptional reasons);** see also United States v. Lea**, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" (quoting** United States v. DiSomma**, 951 F.2d 494, 497 (2d Cir. 1991)).**

After considering Defendant's arguments, the FTR recordings of the Rule 11 and detention hearings, along with the relevant case law, the Court concludes Defendant has offered insufficient evidence to support her release under § 3145(c). Defendant's reasons are the same reasons that many defendants offer in support of release pending sentencing, but these reasons do not support a finding of exceptional reasons.

5

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's appeal of the Order of Detention is **DENIED**, and the Magistrate Judge's Order of Detention is **AFFIRMED**.

Signed: July 2, 2009

Lacy H. Thornburg
United States District Judge